**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEVEN CHRISTINE,

    Plaintiff,

vs.                                                  Case No.: 8:10-cv-2135-33-TGW

MORTGAGE INVESTORS CORP.,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

The Plaintiff, Steven Christine ("**Plaintiff**" or "**Christine**"), by and through his undersigned counsel, and pursuant to the applicable rules of Federal Civil Procedure, Local Rule 3.01 and other applicable law, hereby responds in opposition to the *Defendant, Mortgage Investors Corp.'s, Motion to Dismiss the Complaint* (Doc. No. 6) ("**Motion to Dismiss**"). As more fully argued herein, the Plaintiff has alleged facts that, when accepted as true, sufficiently establish a cause of action for sexual harassment under Title VII of the Civil Rights Act of 1964, as amended § 2000e et. seq. ("**Title VII**") and defamation per se.[1]  Accordingly, the Motion to Dismiss must be denied.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

    **1.    Factual Background**

The Defendant, Mortgage Investors Corp. ("**MIC**"), is in the business of refinancing mortgages for homeowners who have VA loans. On or about August, 2009, the Plaintiff commenced

employment with MIC to assist individuals with refinancing their VA mortgages. From the moment of his employment and ongoing until his resignation on December 31, 2009, Plaintiff was subjected to a consistent and ongoing pattern of sexual harassment by his supervisors and co-employees. The sexual harassment endured by the Plaintiff involved repeated direct statements, name-calling, sexually demeaning nicknames and innuendo that Plaintiff was a pedophile and that he preyed upon children in a sexual manner. Specific incidents of sexual harassment include, but are not limited to, being called a "pedophile" to his face and over the office intercom system, comments that Plaintiff "molested little boys" and numerous actions and nick-names creating the innuendo that Plaintiff enjoyed engaging in sexual acts with children.

### 2. Standard for Denying a Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b)(6), "a judge must accept as true all of the factual allegations contained in the complaint". *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).2 A dismissal will not be affirmed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief". *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986). For the reasons set forth herein, the Court must deny the Motion to Dismiss.

## II. ARGUMENT

### 1. The Complaint Sufficiently Alleges a Cause of Action for Sexual Harassment Under Title VII

---

1 Plaintiff agrees to the dismissal of Count II for the intentional infliction of emotional distress.
2 In the Motion to Dismiss, at p. 2, MIC includes the inflammatory statement that MIC has investigated the claims "and found, as did the EEOC, that the claim is without merit." The record does not reflect that the EEOC found that the Plaintiff's claim was without merit. Rather, the EEOC issued the following determination: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by the charge."

### A. Introduction

In order to prove a sexual harassment claim based on a hostile work environment, a plaintiff must establish the following elements:

(1) that he or she belongs to a protected group;

(2) that the employee has been subjected to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature;

(3) that the harassment must have been based on the sex of the employee;

(4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of the employment and create a discriminatorily abusive working environment; and

(5) a basis for holding the employer liable.

*Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1245 (11th Cir. 1999) (citations omitted).

MIC has challenged Count I of the Complaint for sexual harassment under Title VII claiming Plaintiff failed to allege facts to support the second, third and fourth elements of a hostile work environment claim.

### B. Plaintiff sufficiently alleged facts to support the second element – unwelcome sexual harassment

The second element of the hostile work environment claim is that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature. MIC claims that Plaintiff did not allege he was subject to any "sexual advances, requests for sexual favors, and other conduct of a sexual nature," and as such he has not alleged facts sufficient to support the second element. Plaintiff contests this assertion as he has sufficiently alleged "conduct of a sexual nature" to support the second element of the hostile

3

work environment claim. Sexual harassment is defined as "sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature". *Henson v. City of Dundee,* 682 F.2d 897, 903 (11th Cir. 1982). Other courts have defined "conduct of a sexual nature" as that conduct which inherently pertains to sex. *Corely v. Detroit Bd. of Educ.,* 470 Mich. 274, 279, 681 N.W.2d 342, 345 (Mich. 2004). For sexual harassment to satisfy the second element of the hostile work environment claim it must be "unwelcome in the sense that the employee did not solicit or incite it, and in the sence that the employee regarded the conduct as undesireable or offensive." *Id.*

In the case at bar, Plaintiff has alleged ongoing harassment in the form of MIC supervisors and employees calling him a "pedophile" and similar sexually demeaning nicknames, and constantly creating innuendos that Plaintiff preyed on children in a sexual manner. Complaint, ¶ 9-20. This is verbal conduct of a sexual nature as it inherently pertains to sex with children. Plaintiff repeatedly objected to the name-calling, demeaning nicknames and innuendos as he requested the offending supervisors and employees to cease the harassing behavior as he found them to be offensive. Complaint ¶ 22. Furthermore, Plaintiff in no way solicited or incited the harassing behavior. Therefore, Plaintiff has sufficiently alleged facts supporting that he was subject to unwelcome sexual harassment as he alleged unwelcome verbal conduct of a sexual nature.

        **C.**        **Plaintiff sufficiently alleged facts to support the third element – harassment based on sex**

The third element of the hostile work environment claim is that the harassment must have been based on the sex of the employee. MIC alleges that because not all child molesters are male the harassment was not based on the Plaintiff's sex. However, even the use of terms that can refer to both genders can be held to be the basis of harassment based on sex if they are disproportionately

used to refer, or are disproportionatey more offensive, to one gender. *See e.g. Colon v. Environmental Technologoies, Inc.,* 184 F.Supp. 2d 1210, 1218-19 (M.D.Fla. 2001) (holding that the Spanish words that translate literally to "bitch", "whore"  or "person paid for sex" were disproportionately more offensive to women, as they were not generally used to refer to men, and coud be the basis of harassment based on sex); *see also Carter v. Chrysler, Corp.,* 173 F.3d 693, 700 (8th Cir. 1999) (noting that gender-based insults may give rise to an inference of discrimination based on sex); *Robinson v. Jacksonville Shipyards,* 760 F.Supp. 1486, 1522-23 (M.D.Fla. 1991) (holding that Title VII actionable conduct can be behavior that is not directed at a particular individual or group of individuals, but is disproportionately more offensive or demeaning to one sex).  The term "pedophile" carries with it certain societal connotations and is generally accepted to mean a *male* who sexually preys on children.  Cohen, Lisa J., PhD and Igor Galynker, MD, PhD, *Psychopathology and Personality Traits of Pedophiles*, Psychiatric Times Vol. 26 No. 6 (June 8, 2007); Hall, Ryan, C. W., MD and Richard C. W. Hall, MD, PhD, *A Profile of Pedophilia*, Mayo Clinic Proceedings Vol. 82 No. 4 (April 2007).  As such, the term is used disproportionately to refer to males.  Therefore, the name-calling and innuendos that Plaintiff endured was specifically related to him being male.

MIC also alleges that Plaintiff failed to support the third element because same sex harassment based on sex is "more difficult to establish."  In this regard, MIC cites to *Ridley v. Sears Home Improvement Products, Inc.* for the allegation that there are  three "recognized" scenarios in which a plaintiff may demonstrate that same sex harassment was based on sex.  2009 WL 4349322 (M.D. Fla. Nov. 25, 2009).  For this assertion, *Ridley* cites to dicta in *Oncale  v. Sundowner Offshore, Servs., Inc.,* 523 U.S. 75, 80-81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).  In *Oncale*, the

Supreme Court does not hold that the three (3) scenarios provided are exclusively the only scenarios wherein same sex harassment based on sex may be found; rather, these scenarios are merely examples. Furthermore, *Oncale* specifically stands for the idea that Title VII does not bar a claim of discrimination based on sex merely because the victim and the harasser are of the same sex. *Id.* at 79-80. Therefore, Plaintiff has sufficiently alleged facts supporting that the harassment was based on his sex.

        **D.**    **Plaintiff sufficiently alleged facts to support the fourth element – severe or pervasive**

The fourth element of hostile work environment claim is that the harassment was sufficiently severe or pervasive to alter the terms and conditions of the employment and create a discriminatorily abusive working environment. Workplace conduct is not measured in isolation but instead is considered both cumulatively and in the totality of the circumstances. *Reeves v. C. H. Robinson Worldwide, Inc.,* 594 F.3d 798, 808 (11th Cir. 2010); *Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1246 (11th Cir. 1999); *Henson v. City of Dundee,* 682 F.2d 897, 904 (11th Cir. 1982). Plaintiff must also show that the environment was both subjectively and objectively hostile. *Reeves,* 195 F.3d at 808; *Mendoza,* 195 F.3d at 1246. This is done by showing that the Plaintiff subjectively perceived the harassment as sufficiently servere or pervasive to alter the terms or conditions of employment, and that the perception was objectively reasonable considering all the circumstances. *Reeves,* 195 F.3d at 808; *Mendoza,* 195 F.3d at 1246..

In this case, the Plaintiff has alleged four (4) to five (5) months of ongoing sexual harassment. The Plaintiff clearly alleges that from the moment of his hiring he was subjected to repeated name-calling and innuendos indicating that he was a pedophile (Complaint, ¶ 9, 11, 12, 19,

20) and that he preyed on chidren in a sexual manner (Complaint, ¶ 9-11, 13-19). Moreover, the Plaintiff alleges that the ongoing harassment caused him severe humiliation, adversely affected his relationship with colleagues and caused him to believe he could not have any conversations in the office without be judged. Complaint, ¶ 21. The direct result of the ongoing harassment and its effect on Plaintiff was Plaintiff's resignation. Complaint, ¶ 24. Although in isolation each incident may not appear to be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment, when viewed in totality and in considering all the allegations containted in the Complaint, it is clear that Plaintiff subjectively percieved the harassment to be sufficiently pervasive or severe to alter the terms or conditions of his employment, and such perception was objectively reasonable. Therefore, the Plaintiff has alleged facts demonstrating that the harassment was sufficiently severe or pervasive to alter the terms and conditions of his employment and created a discriminatorily abusive working environment for him.

**2.    The Complaint Sufficiently Alleges a Cause of Action for Defamation Per Se**

Finally, MIC argues that the claim for defamation per se (Count III) fails to state a cause of action because the Plaintiff has not alleged that the comments of MIC's employees, including supervisors, were made in the course and scope of employment. However, employers can be responsible for the defamatory acts of their employees on the theory of respondeat superior if the employer condones the employees' defamatory conduct. *See Aloito-Alexander v. Toll Bros., Inc.,* 884 So. 2d 427, 428 (Fla. 4th DCA 2004); *see e.g. Jackson v. Bellsouth Mobility, Inc.,* 626 So. 2d 1085 (Fla. 4th DCA 1993). In this case, the Plaintiff alleges that MIC is vicariously liable for defamatory conduct of its employees because the conduct was engaged in and supported by supervisory personnel, and despite knowledge of the conduct MIC failed to take any remedial action.

Complaint, ¶ 43.  Moreover, the Plaintiff has alleged in the Complaint that MIC was given notice at or near the time of every incident of sexual harassment, but failed to take any action.  Complaint, ¶ 22. In fact, the Plaintiff futher alleges that his supervisors actually engaged in the conduct.  Complaint, ¶ 8, 10-19, 22.   Clearly, MIC's continued failure to take any type of remedial action to stop or correct the sexual harassment endured by Plaintiff amounts to MIC condoning the harassing conduct of its supervisors and employees.  Therefore, the Plaintiff states a claim for defamation per se against MIC, as a matter of law.

### III.   CONCLUSION

For all of the foregoing reasons, the Plaintiff has alleged facts sufficient to state a cause of action for sexual harassment under Title VII and for defamation per se.  Therefore, the Court must deny the Motion to Dismiss.

**FORIZS & DOGALI, P.A.**

**/s/ Joel J. Ewusiak**
Joel J. Ewusiak
Fla. Bar No.: 0509361
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL  33634
Telephone: (813) 289-0700
Facsimile:  (813) 289-9435
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2010, I electronically filed the foregoing using the CM/ECF system which will send a notice of electronic filing to the following: Marion Hale, Esquire, *Johnson, Pope, Bokor, Ruppel & Burns, LLP*, Post Office Box 1368, Clearwater, FL 34617.

/s/Joel J. Ewusiak
Joel J. Ewusiak