UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN CHRISTINE, JR.,

    Plaintiff,

v.                           Case No.: 8:10-cv-02135-T-33AEP

MORTGAGE INVESTORS CORP.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant Mortgage Investors Corp.'s Motion to Dismiss. (Doc. #6). Plaintiff Steven Christine, Jr. opposes the motion. (Doc. #9).

**I. Factual Background**

Christine was employed by Mortgage Investors Corp. from August of 2009 until he resigned on December 31, 2009. Christine alleges that during his employment, he was subject to a consistent and ongoing pattern of unwelcome sexual harassment by his male supervisors and his male co-workers. Christine contends that the sexual harassment involved repeated statements, name-calling, and innuendo that he was a pedophile and that he preyed upon children in a sexual manner.

Specifically, Christine contends that his supervisors and co-workers stated that he was a "pedophile" who "molested little boys." (Doc. #1, ¶ 11). They even called him a pedophile over the office intercom system on several occasions. Additionally,

1

Christine claims that his supervisors and co-workers referred to him as "B12" and "12B," which was a label they used to imply that he engaged in sexual acts with twelve-year-old boys. (Doc. #1, ¶ 10). They also called Christine "PB," which he contends was an acronym for "pedophile boy." (Doc. #1, ¶ 12). On one occasion, a male supervisor walked into Christine's work area, and several of his co-workers shouted, "watch out," followed by "no, it's okay, he's not 12, so he's not his type." (Doc. #1, ¶ 18).

Christine contends that his supervisors and co-workers also frequently stated that he was not allowed in school zones and that "school was being let out, but thankfully he was at work." (Doc. #1, ¶ 13). They also told him that they would get him a subscription to "Boy Scouts Magazine," which implied that he liked young boys. On Halloween, Christine alleges that they made statements that he was "giving out free candy" and that "the kids and parents should watch out." (Doc. #1, ¶ 15).

In the week leading up to his resignation on December 31, 2009, Christine alleges that the desktop background on his office computer was changed to a picture of a windowless black van with "free candy" spray-painted on the side. He contends that prior to that incident, his supervisors and co-workers had stated that he was "getting ready to buy a van," implying that he would use it to sexually prey upon children. (Doc. #1, ¶ 16).

Christine requested that his supervisors and co-workers stop harassing him, but they did not stop. Nor did Mortgage Investors Corp. prevent or correct the harassment. As a result, Christine resigned.

Thereafter, Christine filed the instant lawsuit, in which he asserts two claims: (1) sexual harassment under Title VII, and (2) defamation per se under Florida state law.[1] In response, Mortgage Investors Corp. has moved to dismiss the complaint.

## II.  Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and

---

[1] Christine's complaint also includes a claim for intentional infliction of emotional distress, but he has voluntarily withdrawn that claim. (Doc. # 9, fn.1).

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

### III. Motion to Dismiss

Mortgage Investors Corp. moves to dismiss both remaining claims. As explained below, the Court finds that dismissal of the Title VII sexual harassment claim is warranted. Because the Title VII claim was the basis for this Court's federal question subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law defamation claim.

#### A. Sexual Harassment Claim

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). Although Title VII does not mention sexual harassment, the Supreme Court and the Eleventh Circuit have recognized harassment as

4

actionable under Title VII under a "hostile work environment" theory. See Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999). A Title VII harassment claim under the "hostile work environment" theory is established upon proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotations and citations omitted).

To establish sexual harassment under a hostile work environment theory, "an employee must show: (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable." Mendoza, 195 F.3d at 1245.

Mortgage Investors Corp. argues that Christine's sexual harassment claim should be dismissed because Christine has failed to allege facts supporting the third element of a hostile work environment claim--that the harassment was based on Christine's

sex. The Court agrees.[2]

In order for Christine to succeed on his sexual harassment claim, he must show that the harassment was based on his sex. It does not matter that Christine and his alleged harassers are both male, because same-sex sexual harassment is prohibited under Title VII. See Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 79 (1998). However, Christine still "must show that but for the fact of [his] sex, [he] would not have been the object of harassment." Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir. 1982)(citation omitted). Christine has not made such a showing.

Not all harassing conduct constitutes actionable harassment:

> Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at "*discriminat[ion]* . . . because of . . . sex." [The Supreme Court has] never held that workplace harassment . . . is automatically discrimination because of sex merely because the words used have sexual content or connotations. "***The critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed***."

\* \* \*

---

[2]Mortgage Investors Corp. also argues that Christine has failed to allege facts supporting the second and fourth elements of a hostile work environment claim. However, because the Court finds that Christine has failed to allege facts supporting the third element of a hostile work environment claim, the Court need not address the remaining elements.

> [The plaintiff] must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted "*discriminat[ion]* . . . because of . . . sex."

Oncale, 523 U.S. at 80, 81 (quoting Harris, 510 U.S. at 25)(emphasis added).

Upon review of the complaint, the Court finds that Christine has not alleged facts that show that the harassment disadvantaged male employees in general; instead, his allegations show only that he, personally, was being ridiculed and accused of being a pedophile. While the conduct at issue is offensive and inappropriate, it is not actionable under Title VII. See Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004)(noting that the plaintiff perceived that he was being ridiculed and ostracized for being a child molester, but that discrimination on that ground is not prohibited by Title VII). Accordingly, Mortgage Investors Corp.'s motion to dismiss Christine's sexual harassment claim is granted.

### B. Defamation Claim

This Court has supplemental jurisdiction over Christine's defamation claim. However, 28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction if the "court has dismissed all claims over which it has original jurisdiction." Since this Court has dismissed the Title VII sexual

7

harassment claim, the Court has the discretion to decline to exercise supplemental jurisdiction over the defamation claim. Upon consideration, the Court declines to exercise supplemental jurisdiction over the defamation claim.

## IV. Conclusion

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

Mortgage Investors Corp.'s Motion to Dismiss (Doc. # 6) is **GRANTED** to the extent that the Court dismisses Count I, the sexual harassment claim brought pursuant to Title VII. The Court declines to exercise jurisdiction over Count III, the defamation claim. The Clerk is directed to enter a judgment of dismissal in favor of Defendant as to Count I and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of May, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

8